1  DANIEL M. PETROCELLI (S.B. #97802)
2  dpetrocelli@omm.com
   MEGAN K. SMITH (S.B. #307381)
3  megansmith@omm.com
   1999 Avenue of the Stars, 8th Floor
4  Los Angeles, California 90067-6035
5  Telephone: +1 310 246 8574
   Facsimile: +1 310 246 6779
6
7  ERIC AMDURSKY (S.B. #180288)
   eamdursky@omm.com
8  2765 Sand Hill Road
   Menlo Park, California 94025-7019
9  Telephone: +1 650 473 2644
10 Facsimile: +1 650 473 2601

11 O'MELVENY & MYERS LLP
12 *Attorneys for Defendant Garth Brooks*

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GARTH BROOKS,<br><br>　　　　Defendant. | Case No. _____<br><br>**DEFENDANT GARTH BROOKS' NOTICE OF REMOVAL**<br><br>Case removed from Los Angeles Superior Court (Case No. 24STCV25693)<br><br>Complaint Filed: October 3, 2024<br>Removal Date: November 1, 2024 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. sections 1332(a), 1441, and 1446, Defendant Garth Brooks ("Defendant"), by and through his undersigned counsel, hereby removes this action brought by plaintiff Jane Roe ("Plaintiff") from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California on the basis of diversity of citizenship jurisdiction. Defendant states the following grounds for removal:

**I.    PROCEDURAL BACKGROUND AND TIMELINESS OF REMOVAL**

1. On October 3, 2024, Plaintiff filed a complaint against Defendant in the Superior Court of the State of California for the County of Los Angeles, captioned *Jane Roe v. Garth Brooks* (Case No. 24STCV25693) (the "Superior Court Action").

2. Plaintiff has not yet served Defendant. Defendant has not yet responded to the Complaint and has not appeared in the Superior Court Action. This Notice of Removal is timely because it is filed within thirty (30) days after the receipt by Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the Superior Court Action is based. *See* 28 U.S.C. § 1446(b)(1).

3. Pursuant to 28 U.S.C. § 1446(a), Defendant has attached as **Exhibit A** true and correct copies of the Superior Court Action Summons and Complaint. No process, pleadings, or order have been served on Defendant.

4. In the Superior Court Action, Plaintiff alleges the following six purported causes of action: (1) assault, (2) battery, (3) sexual battery (Civ. Code § 1708.5), (4) Bane Act (Civ. Code § 52.1), (5) Ralph Act (Civ. Code § 51.7), and (6) Gender Violence (Civ. Code § 52.4(c)(2)). *See* Ex. A ¶¶ 114-50.

5. In the Superior Court Action, Plaintiff seeks monetary and/or compensatory damages, punitive and exemplary damages, attorney's fees and penalties, and costs. *See id.* at 26.

## II. NO ADMISSION

6. Defendant denies any liability in the Superior Court Action, denies the allegations in the Complaint, and denies that Plaintiff has sufficiently stated any plausible claim upon which relief can be granted. Defendant further reserves all rights to assert any additional defenses and counterclaims, including the right to challenge personal jurisdiction or venue.

## III. JURISDICTION AND BASIS FOR REMOVAL

7. As set forth below, pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over the causes of action alleged in the Superior Court Action because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**Diversity of Citizenship is Satisfied.**

8. Plaintiff is a citizen of Mississippi. Ex. A ¶ 34.

9. Defendant is a citizen of Tennessee. *Id.* ¶ 35.

10. Because Plaintiff and Defendant are citizens of different states, the diversity requirement of 28 U.S.C. § 1332(a)(1) is satisfied.

**The Amount-In-Controversy Requirement Is Satisfied.**

11. Plaintiff seeks punitive and compensatory damages for alleged personal injuries. Ex. A at 124.

12. Without conceding that Plaintiff is entitled to damages or can recover damages in any amount whatsoever, on information and belief, the amount in controversy in this case, including potential counterclaims, exceeds the sum or value of $75,000, as required by 28 U.S.C. § 1332(a).

DEFENDANT GARTH BROOKS' NOTICE OF REMOVAL

## IV. OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL

13. *Venue Is Proper for Removal.* Plaintiff filed this action in the Superior Court of the State of California for the County of Los Angeles, and thus Plaintiff alleges venue is proper in Los Angeles. This action is thus properly removed to the United States District Court for the Central District of California, which embraces Los Angeles County within its jurisdiction. *See* 28 U.S.C. §§ 84(c)(2), 1441(a), 1446(a).

14. *Notice to the Superior Court*. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles, and will be served upon Plaintiff.

## V. CONCLUSION

For the reasons stated above, this action is within this Court's original jurisdiction and meets all the requirements for removal, such that removal is proper under 28 U.S.C. sections 1332, 1441, and 1446.  Accordingly, Defendant respectfully removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.

Dated:  November 1, 2024

O'MELVENY & MYERS LLP

By:  */s/ Megan K. Smith*
Megan K. Smith

*Attorneys for Defendant Garth Brooks*