DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
MEGAN K. SMITH (S.B. #307381)
megansmith@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067-6035
Telephone: +1 310 246 8574
Facsimile: +1 310 246 6779

ERIC J. AMDURSKY (S.B. #180288)
eamdursky@omm.com
2765 Sand Hill Road
Menlo Park, California 94025-7019
Telephone: +1 650 473 2644
Facsimile: +1 650 473 2601

O'MELVENY & MYERS LLP
*Attorneys for Defendant Garth Brooks*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE ROE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GARTH BROOKS,<br><br>　　　　　Defendant. | Case No. 2:24-cv-09462-MWF-AJR<br><br>**DEFENDANT GARTH BROOKS'**<br>**MOTION TO DISMISS**<br><br>District Court Judge: Michael W. Fitzgerald<br>Magistrate Judge: A. Joel Richlin<br><br>Hearing Date: December 9, 2024<br>Hearing Time: 10:00 a.m.<br><br>Complaint Filed: October 3, 2024<br>Removal Date: November 1, 2024 |

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................... 1

II. RELEVANT BACKGROUND ...................................................................... 2

III. ROE'S CLAIMS MUST BE DISMISSED BECAUSE THEY ARE COMPULSORY COUNTERCLAIMS TO THE MISSISSIPPI ACTION ...... 3

    A. Roe's Claims in the California Action Are Compulsory Counterclaims that Belong in Mississippi. ................................................................... 5

    B. The Court Should Dismiss Roe's Claims Without Prejudice and Direct Her to Refile the Claims as Counterclaims in Mississippi. ....................... 9

IV. CONCLUSION ............................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Adam v. Jacobs*,
   950 F.2d 89 (2d Cir. 1991) ..................................................................................9

*Asset Resol., LLC v. Schoonover*,
   2009 WL 5040123 (D. Nev. Dec. 15, 2009) .....................................................10

*Doe v. Roe*,
   Case No. 3:24-cv-00547-HTW-LGI (S.D. Miss.) ............................................2, 3

*Drage v. Singhal*,
   2008 WL 11342848 (C.D. Cal. Feb. 4, 2008) ....................................................9

*In re Marshall*,
   600 F.3d 1037 (9th Cir. 2010) ...........................................................................6

*In re Pegasus Gold Corp.*,
   394 F.3d 1189 (9th Cir. 2005) .......................................................................4, 5

*Neuropathy Solutions, Inc. v. Mass. Bay Ins. Co.*,
   2022 WL 6589002 (C.D. Cal. Sept. 7, 2022) .....................................................9

*Olen Properties Corp. v. Wakefield*,
   2022 WL 19333335 (C.D. Cal. July 6, 2022) .................................................4, 9

*Pochiro v. Prudential Ins. Co. of Am.*,
   827 F.2d 1246 (9th Cir. 1987) ...................................................................5, 6, 7

*Rainer v. Wal-Mart Assocs., Inc.*,
   119 So. 3d 398 (Miss. Ct. App. 2013) ................................................................7

*Riviera Travel & Tour, Inc. v. Novokshonov*,
   2012 WL 12894174 (C.D. Cal. Aug. 23, 2012) .............................................4, 10

*S. Constr. Co., Inc. v. Pickard*,
   371 U.S. 57 (1962) ...........................................................................................3, 9

*Simmons L. Grp., P.A. v. Corp. Mgmt., Inc.*,
   42 So. 3d 511 (Miss. 2010) ................................................................................7

**Rules**

Fed. R. Civ. P. 13(a) .................................................................................... 3, 4, 5

Fed. R. Civ. P. 13(a)(1)(B) ................................................................................ 8

Fed. R. Civ. P. 13(a)(2)(A) ................................................................................ 8

**Other Authorities**

6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1418 (3d ed. 2024) .................................................................. 4, 9, 10

# NOTICE OF MOTION AND MOTION TO DISMISS

**TO THE COURT, PLAINTIFF, AND COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT, on December 9, 2024, at 10:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 5A of the Honorable Michael W. Fitzgerald, located at 350 West First Street, Los Angeles, California 90012, defendant Garth Brooks ("Brooks") will move, and hereby does move, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 13(a), to dismiss this action with leave for Plaintiff Jane Roe ("Roe") to refile her claims in the Southern District of Mississippi.

This motion is based on the files, records, and proceedings in this action, including this Notice of Motion and Motion to Dismiss, the following Memorandum of Points and Authorities, the reply memorandum Brooks intends to file, the arguments of counsel, and such other matters as may be presented at the hearing on this Motion or before the Court's decision.

This Motion is made following the conference of counsel held pursuant to Local Rule 7-3. This Motion is made following the conference of counsel held pursuant to Local Rule 7-3. Counsel for Brooks conferred with Roe's counsel on both October 31, 2024 and November 7, 2024 about the motion by email and phone, respectively. Roe's counsel has informed Brooks' counsel that she will oppose the motion.

## I. INTRODUCTION

This action is duplicative of a federal action already pending between the same parties, arising from the same set of disputed facts, and involving the same overlapping issues. In the first-filed action, Garth Brooks sued Jane Roe in federal court in the Southern District of Mississippi, where she has resided since 2021 (the "Mississippi Action"). Brooks' lawsuit, filed on September 13, 2024, alleges that Ms. Roe defamed and injured him by publishing false claims that he committed sexual assault, among other things. Brooks seeks to recover damages arising from Roe's tortious conduct under Mississippi law.

Almost three weeks later, Roe filed this lawsuit (the "California Action"), which Brooks removed to this Court. It seeks to recover damages for precisely the same alleged assaults that Mr. Brooks' lawsuit alleges never occurred. Disposition of the two cases presents a binary decision: For Brooks to prevail in the Mississippi case, he must prove that Roe's allegations are false; for Roe to succeed on her California claims, she must prove that her allegations are true.

Federal Rule of Civil Procedure 13(a) exists to prevent precisely this sort of duplicative litigation. It mandates that all "compulsory counterclaims"—claims, like Roe's, that turn on the same basic set of facts—be litigated in the first-filed action, not in a parallel suit in another court. So, where a plaintiff brings those claims outside of the first-filed action, the court presiding over the later-filed action must either dismiss the claims or stay them while the first suit proceeds.

Either approach is warranted here. Ninth Circuit law makes clear that Roe's claims are compulsory counterclaims in the Mississippi Action because they present the very same factual issues that are central to that case—and indeed, Roe herself has admitted in the Mississippi Action that the two suits are necessarily intertwined. Accordingly, Roe's claims against Brooks should not proceed in this Court. Instead, the claims should be dismissed under Rule 12(b)(6) with leave to refile in the Mississippi case.

## II.     RELEVANT BACKGROUND

On September 13, 2024, Brooks filed suit against Roe in the United States District Court for the Southern District of Mississippi under the caption *Doe v. Roe*, No. 3:24-cv-547-HTW-LGI (S.D. Miss.) (Wingate, J.).  The Mississippi Action asserts various tort claims under Mississippi law against Roe, including defamation, intentional infliction of emotional distress, and false light invasion of privacy, all arising out of Roe's attempt to blackmail Brooks by publishing and threatening to more widely publish false allegations that Brooks violently assaulted her in 2019 while traveling in California.  *See Doe v. Roe*, No. 3:24-cv-547-HTW-LGI, ECF No. 1 (filed Sept. 13, 2024) ("Miss. Compl.").[1]

On October 3, 2024, almost three weeks after Brooks filed the Mississippi Action, Roe filed a complaint against Brooks in the California Superior Court for the County of Los Angeles under the caption *Roe v. Brooks*, Case No. 24STCV25693.  Roe's lawsuit alleges assault, battery, and similar California statutory claims against Brooks arising out of an alleged assault that occurred nearly five and a half years ago on May 11, 2019.  Brooks timely removed Roe's lawsuit to this Court on November 1, 2024.

The Mississippi Action and the California Action arise out of the same underlying subject matter between the same parties, with the most significant practical difference between them being the parties' respective roles: the plaintiff in one is the defendant in the other, and vice versa.  The dispute at the heart of both

---

[1] In addition to Brooks' tort claims, for which he seeks to recover monetary damages, Brooks' September 13, 2024 complaint also sought declaratory relief. Brooks amended his complaint on November 1, 2024, to plead only damages claims, including those that he initially pled on September 13, 2024. *See Doe v. Roe*, No. 3:24-cv-547-HTW-LGI, ECF No. 25 (filed Nov. 1, 2024).  All filings in the Mississippi Action are currently sealed by an order of the Southern District of Mississippi; Brooks intends to move for judicial notice of these documents following an order from that court on the sealing issue.

actions requires a determination of the truth or falsity of Roe's allegations of sexual misconduct that allegedly occurred more than five years ago.

Roe herself agrees that the cases overlap. Indeed, a few days after Brooks' counsel reached out to Roe's counsel to meet and confer about this Motion to Dismiss, Roe filed a motion in the Southern District of Mississippi that asked the court there to transfer the Mississippi Action to this Court because, according to Roe, Brooks' tort claims against Roe are compulsory counterclaims that arise from the same operative facts. *See Doe v. Roe*, No. 3:24-cv-547-HTW-LGI (S.D. Miss.), ECF No. 32 (filed Nov. 4, 2024).

### III. ROE'S CLAIMS MUST BE DISMISSED BECAUSE THEY ARE COMPULSORY COUNTERCLAIMS TO THE MISSISSIPPI ACTION.

This action should be dismissed for failure to state a claim because Roe's claims are compulsory counterclaims that must be brought in the Mississippi Action. *See* Fed. R. Civ. P. 12(b)(6). Rule 13 of the Federal Rules of Civil Procedure requires (with exceptions not relevant here) that "[a] pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim . . . arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1). "The requirement that counterclaims arising out of the same transaction or occurrence . . . 'shall' be stated in the pleadings was designed to prevent multiplicity of actions, and to achieve resolution in a single lawsuit all disputes arising out of common matters." *S. Constr. Co., Inc. v. Pickard*, 371 U.S. 57, 60 (1962).[2]

Once alerted to a first-filed action, courts either dismiss the later-filed claim without prejudice pursuant to Rule 12(b)(6) or stay the proceedings. "Ideally, once

---

[2] The rule was later amended to change "shall" to "must." *See* Fed. R. Civ. P. 13(a); *see id.*, Committee Note On Rules—2007 Amendment ("These changes are intended to be stylistic only.").

- 3 -

MOTION TO DISMISS
CASE NO. 2:24-CV-09462

a court becomes aware that an action on its docket involves a claim that should be a compulsory counterclaim in another pending federal suit, it will stay its own proceedings or will dismiss the claim with leave to plead it in the prior action." 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1418 (3d ed. 2024) ("Wright & Miller"); *see also Olen Properties Corp. v. Wakefield*, 2022 WL 19333335, at *2 (C.D. Cal. July 6, 2022) ("The general rule is that when an action before a court involves a claim that should be a compulsory counterclaim in another pending federal suit the court should stay its own proceedings or dismiss the claim."); *Riviera Travel & Tour, Inc. v. Novokshonov*, 2012 WL 12894174, at *1 (C.D. Cal. Aug. 23, 2012) (Fitzgerald, J.) ("Where the original action is still pending, i.e. where res judicata cannot be said to operate as a bar to the claim, district courts will generally either stay the later-filed proceedings or will dismiss the claim with leave to plead it in the original action."). Barring the second action from proceeding in tandem with the first one "furthers the general federal policy against multiplicity of litigation embodied in Rule 13(a)." Wright & Miller § 1418.[3]

That is what the Court should do here. Roe's claims are compulsory counterclaims because they turn on the same facts that will determine the outcome of the Mississippi Action. Thus, the Court should either dismiss Roe's claims with leave to refile them as compulsory counterclaims in the Mississippi Action, or stay this case pending further proceedings in the Southern District of Mississippi.

---

[3] It makes no difference that Roe initially filed this case in state court. The "same general principles . . . also apply when one or both of the actions before the federal courts were removed from state courts." Wright & Miller § 1418.

### A. Roe's Claims in the California Action Are Compulsory Counterclaims that Belong in Mississippi.

A claim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). The Ninth Circuit applies the "logical relationship" test to determine whether a claim arises out of the same transaction or occurrence. *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195–96 (9th Cir. 2005). "A logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant." *Id.* at 1196 (citation omitted). The "'transaction or occurrence' standard [i]s to be read broadly." *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1252 (9th Cir. 1987).

The claims in this California Action clearly arise out of the same transaction or occurrence at issue in the Mississippi Action. In the Mississippi Action, Brooks asks to recover damages based on Roe's blackmailing of him by falsely accusing him of sexual assault—an act of attempted extortion that defamed him, harassed him, painted him in a false light in invasion of his privacy rights, and caused him emotional distress. Specifically, Brooks alleges in the Mississippi Action that Roe asked Brooks for increasing amounts of financial assistance, which he eventually declined to provide, and she thereafter "responded with false and outrageous allegations of sexual misconduct she claims occurred years ago." Miss. Compl. ¶ 8. Brooks further alleges that an attorney acting at Roe's direction sent a demand letter to Brooks and others with whom he works, alleging "a litany of sexual misconduct by [Brooks] ranging from allegations of sexual 'grooming,' creation of a sexually hostile work environment, unwanted sexual touching, and sexual assault." *Id.* ¶ 9. The Mississippi Action also explains that Roe sought to extort Brooks by offering

to refrain from publicly filing her false allegations in a lawsuit in exchange for a multimillion-dollar payment. *Id.* ¶ 11.

Roe's complaint is premised on the same alleged instances of sexual misconduct that form the basis for Brooks' claims. ECF No. 1-1 (Compl.) at ¶¶ 1-24, 53-136 (alleging the commission of multiple instances of sexual assault during the course of the parties' professional relationship).

The overlap of the facts and issues presented by both the Mississippi Action and the California Action mean that resolution of one case will necessarily be dispositive of the other. Put differently, if Brooks succeeds in the Mississippi Action by proving that Roe's allegations of assault are *false*, Roe will not prevail in this action because it requires her to prove that the exact same allegations are *true*.

The Ninth Circuit has held counterclaims are compulsory in similar circumstances. In *In re Marshall*, 600 F.3d 1037 (9th Cir. 2010), Pierce Marshall brought a defamation claim against his father's wife, Vicki Lynn Marshall, alleging she defamed him in connection with his father's contested will proceedings. *Id.* at 1044. Vicki Lynn Marshall then asserted a counterclaim for tortious interference related to the same estate dispute. *Id.* at 1045. The Ninth Circuit readily concluded that the counterclaim was compulsory. It reasoned that "[t]he defamation claim, Vickie Lynn Marshall's affirmative defense of truth, and her counterclaim for tortious interference all concern the alleged efforts by Pierce Marshall to obtain control of his father's estate." *Id.* at 1057. So too here: Brooks' defamation claim, Roe's assertions of truth, and her counterclaims all concern the same set of alleged sexual misconduct and, therefore, bear a logical relationship to one another.

Another Ninth Circuit decision, *Pochiro v. Prudential Insurance Co. of America*, further illustrates that Roe's counterclaims are compulsory. There, an insurer sued a former employee, John Pochiro, "pleading various causes of action based upon allegations that Pochiro appropriated for his own use confidential consumer information." 827 F.2d at 1248. Pochiro and his wife then sued the

1 insurer, "pleading various causes of action based upon allegations that Prudential defamed John Pochiro by calling him 'a crook.'" *Id.* The court held the second-filed claim was compulsory, explaining that the defamation claim "center[ed] around statements allegedly made by Prudential in relation to [Pochiro's] use of Prudential's confidential records." *Id.* at 1251. Thus, the court concluded, "the facts necessary to prove the two claims substantially overlap," and "the collateral estoppel effect of Prudential's victory in the first action would preclude the Pochiros from denying the truth of Prudential's statements." *Id.* "In such a situation, the defamation claim must be considered a compulsory counterclaim to the earlier action." *Id.*

This case is indistinguishable from *Pochiro*. Roe's claims in the California Action turn on the same set of facts that are disputed in the Mississippi Action. The "facts necessary to prove the two claims substantially overlap"—they all turn on the veracity of Roe's allegations against Brooks—and the "collateral estoppel effect of [Brooks'] victory in the first action would preclude [Roe]" from asserting the truth of her allegations in this case. *Pochiro*, 827 F.2d at 1251. That conclusion is obvious for Brooks' defamation and false light claims, which require him to prove that Roe's assertions of assault and other misconduct are false. Miss. Compl. ¶¶ 15-16. *See Simmons L. Grp., P.A. v. Corp. Mgmt., Inc.*, 42 So. 3d 511, 517 (Miss. 2010) (falsity an element of defamation under Mississippi law). But it is equally true for Brooks' intentional infliction of emotional distress claim, Miss. Compl. ¶ 14, which will require him to show that Roe "acted willfully or wantonly" in accusing him of misconduct. *Rainer v. Wal-Mart Assocs., Inc.*, 119 So. 3d 398, 403 (Miss. Ct. App. 2013). Thus, just as in *Pochiro*, the presence or absence "of a legitimate justification for th[is] action" against Brooks will "greatly influence the determination of whether" Brooks can prevail in his suit against Roe. *Pochiro*, 827 F.2d at 1252.

Roe unquestionably agrees that the two cases are logically intertwined. Her California complaint spends paragraphs discussing the Mississippi Action and its connection with the California Action. *See supra* at 3. She alleges that the Mississippi complaint is "preemptive" of this action and confirms that the question in the Mississippi case is whether Roe "falsely accused" Brooks of misconduct. Compl. ¶¶ 27, 101. She even claims that it is "obvious" from her allegations why Brooks "resorted to such a drastic measure as filing" in Mississippi. *Id.* ¶ 109. Although Brooks disputes Roe's allegations, all that matters for purposes of this motion is that Roe has alleged that there is a substantial overlap between this suit and the Mississippi Action.[4]

Roe, in fact, sought to capitalize on this overlap in a recent motion to dismiss she filed in the Mississippi Action. Her motion argues, among other things, that Brooks' Mississippi complaint alleges tort claims that are compulsory counter-claims to her claims in this action. Citing Fifth Circuit law, which does not substantially differ from the Ninth Circuit law that applies in this action, Roe argues that Brooks' damages claims must be litigated in California—not in his chosen forum (and her state of residence)—because those damages claims arise from the same facts as her California Action.

But Brooks was entitled to, and did, file suit against Roe in the jurisdiction where Roe resides now and where she resided when she committed the wrongful

---

[4] Part of Roe's theory seems to be that Brooks' Mississippi action is "[a]busive." Compl. ¶ 27. But there is no exception to the compulsory-counterclaim rule for first-filed actions perceived to be maliciously motivated. Nor do any of the other exceptions to Rule 13 apply here. Roe's claims do not "require adding another party over whom" the Southern District of Mississippi "cannot acquire jurisdiction." Fed. R. Civ. P. 13(a)(1)(B). When the Mississippi Action was commenced, Roe's claims were not "the subject of another pending action." *Id.* R. 13(a)(2)(A). And this is not a case where any party "sued on its claim by attachment or other process that did not establish personal jurisdiction." *Id.* R. 13(a)(2)(B).

conduct for which Brooks seeks to recover: Mississippi.  And despite Roe's attempts to swap the order in which the lawsuits were filed *post hoc*, Brooks was the one who first sought to judicially vindicate his rights by filing the Mississippi Action to recover from Roe's shakedown.  That is enough to trigger Rule 13.  Roe's protest that Brooks' lawsuit was abusive or otherwise badly intended cannot reverse the actual sequence: (1) his lawsuit alleging damages claims under Mississippi law against Roe was filed first, and (2) Roe's later-filed claims under California law substantially overlap with his.  Her lawsuit must therefore be litigated in Mississippi.

### B. The Court Should Dismiss Roe's Claims Without Prejudice and Direct Her to Refile the Claims as Counterclaims in Mississippi.

When a plaintiff brings compulsory counterclaims in a different forum than the first-filed action, a court must "stay its own proceedings or . . . dismiss the claim with leave to plead it in the prior action."  Wright & Miller § 1418.  Courts in this district have repeatedly taken that approach.  In *Olen Properties Corp.*, the plaintiffs filed an action in state court after the defendant had already filed an action in federal court. 2022 WL 19333335, at *1. The defendant then removed the later-filed action to federal court and filed a motion to dismiss or stay.  The district court determined the plaintiffs' claims were compulsory counterclaims to the first-filed action and dismissed the later-filed action with leave to assert the counterclaims in the first-filed action.  *Id.* at *2.  Similarly, in *Drage v. Singhal*, 2008 WL 11342848 (C.D. Cal. Feb. 4, 2008), after concluding the plaintiff's claims were compulsory counterclaims to an earlier-filed action, the court stayed the later-filed action and issued an order to show cause why the two actions pending before it should not be consolidated.  *Id.* at *2; *see also Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991) (holding the district court abused its discretion in failing to dismiss or transfer an action bringing compulsory counterclaims to an earlier-filed action and noting that the filing of the second action "contravene[d] the purpose of Rule 13"); *Neuropathy*

1  *Solutions, Inc. v. Mass. Bay Ins. Co.*, 2022 WL 6589002, at *3-6 (C.D. Cal. Sept. 7,
2  2022) (dismissing claims under Rule 12(b)(6) because they were compulsory
3  counterclaims).  And in *Riviera Travel & Tour, Inc.*, this Court determined that one
4  party's "claims are inextricably intertwined with the facts" at issue in the first-filed
5  action and so "GRANT[ED] Defendants' Motions to Dismiss and *sua sponte*
6  GRANT[ED] Plaintiff leave to file its claims as compulsory counterclaims." 2012
7  WL 1289417, at *2.

The same outcome is warranted here.  Once the Court determines that Roe's
claims share a logical relationship with the claims already asserted in the
Mississippi Action—which they plainly do—it should dismiss the California
Action with leave for Roe to refile her claims as counterclaims in the Mississippi
Action, thus permitting "resolution in a single lawsuit of all disputes arising out of
common matters."  *Id.* at 93 (quoting *S. Constr. Co.*, 371 U.S. at 60).

Rule 13's compulsory-counterclaim provisions exist to avoid duplicative
litigation.  *See* Wright & Miller § 1418.  The parties should not be required to
conduct overlapping discovery here and in the Mississippi Action simultaneously.
And this Court should not be thrust into a race with the Southern District of
Mississippi to decide the critical factual issues that are dispositive of both actions.
Instead, the right result is the one contemplated by the Federal Rules: because Roe
"must" file her compulsory counterclaims in the Mississippi Action, this suit should
not move forward.  Fed. R. Civ. P. 13(a).

## IV.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that Roe's
complaint be dismissed with leave to refile in the Southern District of Mississippi.[5]

---

[5] As an alternative to dismissal, the Court has discretion to stay this action pending the resolution of the Mississippi Action.  *See Olen Properties Corp.*, 2022 WL 19333335, at *2 (explaining that an action may be dismissed or stayed where it involves what should be a compulsory counterclaim in another action, and holding: "The Court opts for dismissal.") (citing *Asset Resol., LLC v. Schoonover*, 2009 WL

Dated: November 8, 2024
                                          O'MELVENY & MYERS LLP

                                          By: /s/ Daniel M. Petrocelli
                                                  Daniel M. Petrocelli

                                          *Attorneys for Defendant Garth Brooks*

---

5040123, at *4 (D. Nev. Dec. 15, 2009) (dismissing redundant case)). Here, Brooks respectfully requests that the Court dismiss this action with leave to refile in Mississippi because dismissal will best promote efficiency for the parties and the Court by reducing the likelihood of duplicative litigation, including costly discovery.

- 11 -

MOTION TO DISMISS
CASE NO. 2:24-CV-09462

## CERTIFICATE OF COMPLIANCE (LOCAL RULE 11-6.2)

The undersigned, counsel of record for Defendant Garth Brooks, certifies that this brief contains 3,807 words, which complies with the word limit of Local Rule 11-6.1.

Dated: November 8, 2024                    By: /s/ Daniel M. Petrocelli
                                                  Daniel M. Petrocelli