DOUGLAS H. WIGDOR (NY SBN 2609469)
dwigdor@wigdorlaw.com
JEANNE M. CHRISTENSEN (NY SBN 2622124)
jchristensen@wigdorlaw.com
(Admitted *pro hac vice*)
**WIGDOR LLP**
85 Fifth Avenue, Fifth Floor
New York, NY 10003
Tel.: (212) 257-6800

OMAR H. BENGALI (CA SBN 276055)
obengali@girardbengali.com
**GIRARD BENGALI, APC**
355 S. Grand Street, Suite 2450
Los Angeles, CA 90071
Tel.: (323) 302-8300

HAYLEY BAKER (TN SBN 37439)
hbaker@hb-advocates.com
(To be admitted *pro hac vice*)
**HB ADVOCATES PLLC**
1831 12th Ave. S. #325
Nashville, TN 37215
Tel.: (479) 387-6557

*Attorneys for Plaintiff Jane Roe*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JANE ROE,

    Plaintiff,

    vs.

GARTH BROOKS,

    Defendant.

Case No. 2:24-cv-09462-MWF-AJR

**PLAINTIFF JANE ROE'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

District Court Judge: Michael W. Fitzgerald
Magistrate Judge: A. Joel Richlin

Hearing Date: December 9, 2024
Hearing Time: 10:00am

WIGDOR LLP
85 FIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................ii

PRELIMINARY STATEMENT  ..............................................................................1

ARGUMENT ............................................................................................................1

I.      The Motion to Dismiss is Disingenuous and Filed in Bad Faith ..................1

II.     Brooks Files an Abusive Preemptive Lawsuit in Mississippi........................2

III.    Mrs. Doe is the Putative Plaintiff and Her California Complaint Was "First-Filed" ...................................................................................................3

IV.     The Basis for Brooks' Motion to Dismiss is Meritless .................................6

V.      Rule 13 Does Not Provide Brooks a Basis to Dismiss the Complaint............6

VI.     Use of the Declaratory Action Statute is a Red Flag that Brooks' Mississippi Action is an Improper Anticipatory Lawsuit .............................8

VII.    *Xoxide Inc. v. Ford Motor Co.* ......................................................................9

VIII.   The Exception Applies Where the California Action Was Filed on October 3, 2024 .............................................................................................16

IX.     Evidence of Brooks' Bad Faith is Overwhelming .......................................18

CONCLUSION.......................................................................................................23

# <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                        <u>Page(s)</u>

<u>Alltrade, Inc. v. Uniweld Products, Inc.</u>,
  946 F.2d 622 (9th Cir. 1991).......................................................................8

<u>Ashcroft v. Iqbal</u>,
  556 U.S. 662, 129 S.Ct. 1937 (2009) ......................................................22

<u>Bell Atl. Corp. v. Twombly</u>,
  550 U.S. 544, 127 S.Ct. 1955 (2007) ......................................................22

<u>De Salles v. Cook</u>,
  2016 WL 9113995 (C.D. Cal. May 12, 2016) ...........................................7

<u>Durham v. Ankura Consulting Group, LLC</u>,
  2022 WL 20007542 ...................................................................................3

<u>Gordon v. Digital Basement, LLC</u>,
  No. CV1409882SJOVBKX, 2015 WL 13915248 (C.D. Cal. Apr. 1, 2015).........8

<u>Granite State Ins. Co. v. Tandy Corp.</u>,
  986 F.2d 94 (5th Cir. 1992).....................................................................17

<u>Green Planet Inc. v. Int'l IP Holdings LLC</u>,
  No. CV1301565BRODTBX, 2013 WL 12146119 (C.D. Cal. Nov. 25, 2013) ..14, 15, 17, 18

<u>Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.</u>,
  179 F.R.D. 264 (C.D. Cal. 1998) .................................................8, 9, 12, 17

<u>In re Crown Vantage, Inc.</u>,
  421 F.3d 963 (9th Cir. 2005).....................................................................7

<u>In re Marshall</u>,
  600 F.3d 1037 (9th Cir. 2010)..................................................................13

<u>Inherent.com v. Martindale-Hubbell</u>,
  420 F.Supp.2d 1093 (N.D. Cal. 2006) .......................................................7

<u>Jemella Grp. Ltd v. Living Proof Inc.</u>, No.,
  CV1305740BROFFMX, 2013 WL 12116392 (C.D. Cal. Dec. 23, 2013) ....13, 14

<u>K-Swiss Inc. v. Puma AG Rudolf Dassler Sport</u>,
  No. DC093022GAFPLAX, 2009 WL 2049702 (C.D. Cal. July 9, 2009) .....14, 15

<u>McKinnon v. Peloton Interactive, Inc.</u>,
  No. CV 22-3368-MWF (E), 2023 WL 2628614 (C.D. Cal. Feb. 8, 2023)............7

<u>Pacific Employers Insurance Co. v. M/V Captain W.D. Cargill</u>,
  751 F.2d 801 (5th Cir. 1985)....................................................................17

<u>Pochiro v. Prudential Ins. Co. of Am.</u>,
  827 F.2d 1246 (9th Cir. 1987)..................................................................13

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

Reyn's Pasta Bella, LLC v. Visa USA, Inc.,
    442 F.3d 741 (9th Cir. 2006) ........................................................................10
United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,
    971 F.2d 244 (9th Cir. 1992) ...................................................................10, 11
Watkins Strategy & Res. Grp., LLC v. WLC, LLC,
    433 F.Supp.2d 778 (S.D. Miss. 2006) .........................................................16
Xoxide, Inc. v. Ford Motor Co.,
    448 F. Supp. 2d 1188 (C.D. Cal. 2006) ................................................passim

Statutes

28 U.S.C. § 1404 .................................................................................................5
28 U.S.C. § 2201 .........................................................................................passim
Ca. Civ. Code § 51.7 .....................................................................................4, 19
Ca. Civ. Code § 52.1 .....................................................................................4, 19
Ca. Civ. Code § 52.4 ...........................................................................................4
Ca. Civ. Code § 1708.5 .................................................................................4, 19
Ca. Code Civ. Proc., § 425.16 ......................................................................3, 20
Tenn. Code Ann. § 20-17-102 ......................................................................3, 20

Rules

Fed. R. Civ. P. 13 .....................................................................................6, 8, 22
Fed. R. Evid. 201 ..............................................................................................10

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff Jane Roe ("Mrs. Roe") respectfully submits this memorandum of law in opposition to the Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss") filed by Defendant Garth Brooks ("Brooks"). For the reasons to follow, Defendant's Motion should be denied in its entirety.

## ARGUMENT

## I.    The Motion to Dismiss is Disingenuous and Filed in Bad Faith

Defendant Garth Brooks' ("Brooks") motion to dismiss is a thinly veiled attempt to game the legal system and made in bad faith.

On July 17, 2024, Mrs. Roe's lawyer, Hayley Baker, sent a pre-litigation letter ("July Letter") to Brooks and counsel for Brooks, William T. Ramsey, and Russell ("Rusty") Jones, to discuss potential resolution of Mrs. Roe's claims for *inter alia* sexual assault and battery under California law. Ms. Baker attached a confidential draft complaint ("Draft California Complaint") that set forth the underlying facts supporting Mrs. Roe's causes of action. Throughout August, Ms. Baker, Mr. Ramsey, and Mr. Jones engaged in discussions, including by holding an in-person meeting in Nashville. Under the guise of potential mediation, Mr. Ramsey and Mr. Jones asked Ms. Baker to provide a monetary demand and for additional information such as medical records. During the back and forth, Ms. Baker communicated that if a resolution was not reached by September 13, 2024, Mrs. Roe's Draft California Complaint against Brooks would be filed. On September 9, 2024, Brooks' lawyers

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

1

emailed Ms. Baker and asked for more information to be provided. Reasonably, Ms. Baker believed that the ongoing negotiations were in good faith and was shocked to learn that Brooks filed a complaint in Mississippi federal court against Mrs. Roe early on <u>September 13, 2024</u>, without any notice or warning.

Brooks' bad faith, sham action was nothing but a forum-shopping maneuver, meant to preempt as first-filed Mrs. Roe's promised California complaint, and to deny her access to an anti-SLAPP statute.

## II.    **Brooks Files an Abusive Preemptive Lawsuit in Mississippi**

On September 13, 2024, Brooks filed *John Doe v. Jane Roe*, 3:24-cv-547-HTW-LGI, in the U.S. District Court for the Southern District of Mississippi, Northern Division (hereinafter the "Mississippi Action"). *See* Declaration of Jeanne M. Christensen, Christensen Decl. ¶ 3, attaching Ex. 1.[1]  Brooks' complaint was filed under 28 U.S.C. § 2201, despite him knowing there was no justiciable controversy. Brooks falsely alleged that a controversy existed about whether the claims to be asserted by Mrs. Roe in her California Action for sexual assault and rape "were untrue."  Ex. 2, ¶ 13.[2]  Brooks had to utilize 28 U.S.C. § 2201 because

---

[1]    Unless otherwise referenced, all exhibits referenced herein refer to exhibits attached to the Christensen Declaration.   Unless otherwise referenced, all ECF numbers refer to the docket report in the Mississippi Action.

[2]    Brooks' Complaint said that Mrs. Roe's allegations about his sexual violence in California gave "rise to a justiciable controversy between the parties entitling [Brooks] to a declaratory judgment pursuant to 28 U.S.C. § 2201 that [Mrs. Roe's] allegations of sexual misconduct are untrue." Ex. 2, ¶ 13.

WIGDOR LLP
85 FIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

he knew the only claims for relief he could possibly allege were compulsory tort counter-claims arising from Mrs. Roe's asserted causes of action for sexual violence in the soon-to-be-filed California Action and thus would be barred before a federal district court in Mississippi.   Brooks raced to the courthouse to file first in Mississippi – a forum he believed would be more sympathetic to him than California in part because Mississippi does not have an anti-SLAPP law.[3]   The sham declaratory action complaint reveals that his claims are alleged torts arising from what was said during the settlement discussions between Ms. Baker, Mr. Ramsey, and Mr. Jones that took place between July and September 2024 and from the content of the Draft California Complaint he and his lawyers were in possession of from these discussions.

### III.    Mrs. Doe is the Putative Plaintiff and Her California Complaint Was "First-Filed"

Mrs. Roe is the putative plaintiff.  On October 3, 2024, she filed her California Complaint in California Superior Court, Los Angeles County, Index 24STCV25693,

---

[3]    Both California and Tennessee have anti-SLAPP laws, and Brooks was well aware that his compulsory counterclaims and efforts to chill Mrs. Roe's speech would have quickly been shot down.  *See* Ca. Code Civ. Proc., § 425.16; Tenn. Code Ann. § 20-17-102.  *See Durham v. Ankura Consulting Group, LLC,* 2022 WL 20007542 *6, n. 14 (S.D. Miss., Dec. 12, 2022) (the court will not address the anti-SLAPP "defense" because "such a defense is not viable in this case because an Anti-SLAPP defense is a creature of statute, and Mississippi has not adopted an Anti-SLAPP statute.")

3

(the "California Action").[4]  *See* Ex. 3. The California Complaint asserts the causes of action previously provided to Brooks and his lawyers based on the alleged sexual violence by Brooks in Los Angeles.  Her allegations are that in May 2019 in Los Angeles, she was sexually assaulted and raped by Brooks, and further, he sexually assaulted in late October/early November 2019 over the course of a five-day work trip to Los Angeles.[5]  Ex. 3, ¶¶ 86-89.  As such, the primary relevant events took place in Los Angeles, California.  Not a single act or event underlying any alleged cause of action by Brooks occurred in Mississippi.

There can be no greater example of compulsory counter-claims than Brooks' alleged defamation and intentional infliction of emotional distress ("IIED") claims against the woman who sued him for sexual assault.  What is shocking, however, is that once Brooks made sure he was the first to file in time, as soon as Mrs. Roe filed the California Action and the caption read "Jane Roe v. Garth Brooks," Brooks amended his complaint in the Mississippi Action <u>to remove "Jane Roe" and replace</u>

---

[4]    All references to the "California Complaint" refer to the complaint initiating that action.  Similarly, the term "California Action" refers to the same case and California Complaint herein, as Brooks removed it November 1, 2024, to this Court, and was assigned Civil Case No. 2:24-cv-09462.

[5]    Mrs. Roe asserts causes of action under California law for assault and battery, as well as sexual battery under Ca. Civ. Code § 1708.5, and pursuant to the Bane Act, Ca. Civ. Code § 52.1, the Ralph Act, Ca. Civ. Code § 51.7, and for Gender Violence under Ca. Civ. Code § 52.4(c)(2).

4

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

the pseudonym with her full name.[6]  Christensen Decl. ¶¶ 6-8.[7]  Incredibly, Brooks

thereafter amended his complaint a second time to remove the request for relief

under 28 U.S.C. § 2201, which was his entire sham basis for pleading a justiciable

controversy in the federal district court.  *Id.*, ¶ 9.  Apparently, Brooks believes that

the court overseeing the Mississippi Action will fail to notice that he abandoned the

only possible basis for commencing the Mississippi Action, as well as overlook the

fact that he failed to fully plead a single cause of action, much less pursuant to a

Mississippi statute or common law.  As a result of Brooks' bad faith and

underhanded vindictive tactics, on November 4, 2024, Mrs. Roe filed an omnibus

motion in the Mississippi Action to Dismiss the Complaint or for Judgment on the

Pleadings or in the Alternative to Transfer the Action Pursuant to 28 U.S.C. §

1404(a) ("Omnibus Motion").  *Id.,* ¶¶ 10, 13.

This Court should not reward Brooks for his bad faith ploys and deny his

motion to dismiss in its entirety.

---

[6]    The caption contained in the Draft California Complaint given to Brooks on
July 17, 2024 was *Jane Doe v. Garth Brooks; 8 Ten, Inc.; Studio G, LLC; Pearl
Records, Inc.*  Brooks hoped that his preemptive filing would bully and intimidate
Mrs. Roe sufficiently, such that she would not file in California and his name would
not be disclosed in the filing.

[7]    The court in the Mississippi Action has subsequently sealed the docket and
the public does not have access to Mrs. Roe's identity.  Christensen Decl. ¶ 6.

WIGDOR LLP
85 FIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

## IV.    <u>The Basis for Brooks' Motion to Dismiss is Meritless</u>

Brooks' motion to dismiss is based on his incorrect categorization of his Mississippi Action as first-filed, which he then uses to wrongly assert that Mrs. Roe's California Action is duplicative of the Mississippi Action. Under this false premise, Brooks says that Mrs. Roe's California statutory and common law claims are "compulsory counterclaims" that must be litigated in Mississippi. In the alternative, Brooks asks this Court to stay this action pending the Mississippi Action's resolution. *See* Defendant's Memo. of Law, at 10, n. 5. Under well-settled California precedent, Brooks' motion fails completely. Mrs. Roe is the putative plaintiff and the California Action is the true first-filed complaint. In addition to seeking dismissal of the Mississippi Action for failure to state a claim, and for judgment on the pleadings, she alternatively asks the court to transfer the action to this Court.

## V.    <u>Rule 13 Does Not Provide Brooks a Basis to Dismiss the Complaint</u>

Fed. R. Civ. P. 13 reads as follows:

A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction. … The pleader need not state the claim if: … when the action was commenced, the claim was the subject of another pending action.

Fed. R. Civ. P. 13(a)(1)-(2).

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

In this district, it is the general rule that courts "will not permit an action to be maintained where the claims asserted should have been brought as a compulsory counterclaim in an earlier action." *De Salles v. Cook*, 2016 WL 9113995, at *3 (C.D. Cal. May 12, 2016) (quoting *In re Crown Vantage, Inc.*, 421 F.3d 963, 973 n. 7 (9th Cir. 2005). When this happens, the general procedure is to consider that the first-filed action takes priority and the second-filed action will either be dismissed or stayed. *See Inherent.com v. Martindale–Hubbell,* 420 F.Supp.2d 1093, 1097 (N.D. Cal. 2006) (citation omitted). Exceptions to the general rule exist, however. The California Action presents precisely such an exception:

> It is well-understood that circumstances and modern judicial reality, however, may demand that we follow a different approach from time to time ... [t]hat is, the Court may, in its discretion, rely on equitable grounds, such as when the filing of the first suit evidences bad faith, ***anticipatory suit, or forum shopping***, to determine whether to depart from the first to file rule.

*Xoxide, Inc. v. Ford Motor Co.*, 448 F. Supp. 2d 1188, 1192 (C.D. Cal. 2006) (quotations omitted); *McKinnon v. Peloton Interactive, Inc.*, No. CV 22-3368-MWF (E), 2023 WL 2628614, at *9 (C.D. Cal. Feb. 8, 2023) ("[e]ven where the first-to-file doctrine's threshold requirements are met, courts may decline to apply the doctrine "pursuant to several equitable exceptions: (1) bad faith; (2) anticipatory suits; (3) forum shopping; and (4) a balance of convenience weighing in favor of the later filed suit"). Where a court finds evidence that the first suit evidences bad faith, anticipatory suit, or forum shopping, it can properly consider the second-filed action

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

to have been the "first" for Rule 13 purposes. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 627 (9th Cir. 1991) ("district court judges can, in the exercise of their discretion, dispense with the first-filed principle for reasons of equity"). This is the situation before this Court. Brooks' motion to dismiss must be denied, and Mrs. Roe's action should proceed expeditiously.

## VI. Use of the Declaratory Action Statute is a Red Flag that Brooks' Mississippi Action is an Improper Anticipatory Lawsuit

In *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, the court held that an exception to the first-filed rule was necessary. 179 F.R.D. 264, 271 (C.D. Cal. 1998). The court reasoned that a suit is "anticipatory for the purposes of being an exception to the first-to-file rule if the plaintiff in the first-filed action filed suit on receipt of specific, concrete indications that a suit by the defendant was imminent." *Id.* It noted that courts look at declaratory judgment actions filed in this context with heightened suspicion:

> Filing a declaratory action after receipt of an intent to sue letter favors a finding that the first-filed suit was done for anticipatory, forum shopping purposes.

*Id.*; *see also Gordon v. Digital Basement, LLC*, No. CV1409882SJOVBKX, 2015 WL 13915248, at *3 (C.D. Cal. Apr. 1, 2015) ("[d]eclaratory judgment actions filed in response to discussions seeking settlement and threatening imminent litigation are disfavored where there is a second-filed action that seeks coercive relief on the same claims").

8

## VII.  *Xoxide, Inc. v. Ford Motor Co.*

The case *Xoxide, Inc. v. Ford Motor Co.*, is directly on point.  448 F. Supp.
2d 1188 (C.D. Cal. 2006).  In *Xoxide*, the Ford Motor Company ("Ford") had sent
Xoxide, Inc. ("Xoxide") a cease-and-desist letter claiming that Xoxide had violated
Ford's trademark rights.  *Xoxide*, 448 F. Supp. 2d at 1189.  After a series of
exchanges between the parties meant to facilitate a settlement, Xoxide filed a
complaint in the Central District of California which sought a declaration that it had
not infringed on Ford's trademarks.  *Id.*  Shortly after being served, Ford filed its
own suit in the Eastern District of Michigan, Ford's "choice of forum," alleging that
Xoxide had infringed on the same marks at issue in the California declaratory
judgment action. *Id.*

The court held that the record "unambiguously establishe[d]" that Xoxide's
complaint was filed anticipatorily and for forum shopping purposes, and therefore
dismissed it, even though it had been filed before Ford's complaint in Michigan. *Id.*
at 1193.  The court noted that "Xoxide was warned from the outset that failure to
'execute the Agreement and comply with its terms' by the specified deadlines would
result in litigation." *Id.* (citation omitted).  Ford had provided Xoxide with "specific,
concrete indications that a suit by [Ford] was imminent."  *Id.* (citing *Guthy-Renker
Fitness, LLC,* 179 F.R.D. at 271).  Since Xoxide provided timely responses to each
of Ford's letters and engaged in negotiations and settlement discussions, Ford

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

9

postponed filing, as it believed a settlement could be reached. *Id.* Then, without providing any notice to Ford, Xoxide filed its declaratory judgment action in California. *Id.* "Ford attempted to minimize needless litigation and resolve the dispute amicably by negotiating a resolution outside of litigation. Xoxide responded by secretly filing a lawsuit in Los Angeles while giving the impression to Ford's representatives that it was making its best efforts to negotiate a settlement of the dispute." *Id.* at 1194.

This case's near-identical factual record to that in *Xoxide* makes clear that Brooks' Mississippi Action was an anticipatory, forum-shopping lawsuit that should be excepted from the general first-to-file rule.[8] On July 17, 2024, counsel for Mrs. Roe sent a letter to [Brooks] that "set[] forth the underlying facts supporting Ms. Roe's viable legal claims against [Brooks] and contained a confidential draft complaint which was attached and included Ms. Roe's underlying factual allegations

---

[8] The pleadings filed on the record before it was sealed are attached and this Court can take judicial notice of the court filings from the Mississippi Action, especially given the direct relation to the current action. Pending permission from The Hon. Henry T. Wingate overseeing the Mississippi Action, the sealed pleadings will be sent to this Court *in camera*. *See* Fed. R. Evid. 201; *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006) ("[w]e may take judicial notice of court filings and other matters of public record.); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("we may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

and asserted causes of action for sexual assault and battery under California law." Christensen Decl. ¶ 14, attaching Ex. 4, Declaration of Haley Baker at ¶ 9 ("Baker Decl."). The letter was marked "highly confidential" and "for Brooks' and his attorneys' eyes only." *Id.* at ¶ 14. It contained a request to engage in mediation and expressed that the draft complaint was to be filed only if the parties could not reach a settlement. *Id.* at ¶ 15 ("we would like to invite you to a mediation to try and resolve these claims before filing the enclosed lawsuit"). Over the next month, counsel for the parties engaged in settlement negotiations. *Id.* at ¶¶ 16-26. Brooks' counsel encouraged Mrs. Roe to make an initial settlement offer and expressed enthusiasm that the lawyers could "get it done" without even needing a mediator. *Id.* at ¶¶ 19-20. After weeks of what seemed like progress, on August 23, Mrs. Roe's counsel sent Brooks' counsel a letter containing Mrs. Roe's first offer of settlement and stated that the offer would expire at the close of business on September 13. *Id.* at ¶ 25. On September 9, after Mrs. Roe's counsel followed up, Brooks' counsel emailed that they wanted to see "more" medical records and additional evidence to support Ms. Roe's claims. *Id.* at ¶¶ 28-29. Mrs. Roe's counsel wrote in response that further evidence and medical records would not be provided unless Brooks made a "good faith showing that [he] intends to settle this matter." *Id.* The term "good faith showing" was defined to include "(1) a first offer of settlement; (2) an agreement to mediate; and/or (3) a similar exchange of information from [Brooks]."

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

*Id.* at ¶ 30.  Mrs. Roe's counsel made attempts to get in touch with Brooks' counsel in the following days.  *Id.* at ¶¶ 33-34.  At about 4:00 p.m. on September 13, 2024, Brooks' counsel informed Mrs. Roe's counsel that Brooks had filed the Mississippi Action <u>earlier that day</u>.  *Id.* at ¶ 35.

Brooks followed Xoxide's playbook to the letter; he engaged in settlement negotiations with Mrs. Roe after being informed that failure to do so would lead to the filing of the Draft California Complaint in a court in California.  He directed his counsel to disingenuously message that settlement was possible, in order to delay Mrs. Roe's filing for as long as possible.  *See Xoxide*, 448 F. Supp. 2d at 1193 ("Ford's reasons for postponing litigation were bolstered by the fact that with each correspondence, Xoxide inched closer to acceding to Ford's requests").  Brooks' lawyers invited Ms. Baker to have an in-person meeting, which they did in Nashville, and thereafter, they repeatedly asked for more information to support the claims to be sent to them, including an email request on September 9, 2024. Brooks was presented with "specific, concrete indications that a suit by [Mrs. Roe] was imminent."  *Guthy-Renker Fitness, LLC,* 179 F.R.D. at 271.  He then raced to the courthouse on the morning of the deadline to file the Mississippi Action using 28 U.S.C. § 2201 to say that "[Mrs. Roe's] threat to file a lawsuit … has given rise to a justiciable controversy between the parties entitling [Brooks] to a declaratory

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

12

judgment pursuant to 28 U.S.C. § 2201 that [her] allegations of sexual misconduct are untrue."  Ex. 2, ¶ 13.

Brooks now seeks to dismiss or stay the California Action on grounds that the Mississippi Action was filed first.  His motion, like Xoxide's, "focus[es] solely on the underline general first to file rule." *Xoxide*, 448 F. Supp. 2d at 1193 (emphasis added).  All of the cases he relies on in support of his motion are inapposite because they do not address the equitable exceptions to the first-to-file rule.  *E.g. In re Marshall*, 600 F.3d 1037 (9th Cir. 2010) (applying the first-to-file rule under circumstances where there were no allegations that the first-filed lawsuit was brought in bad faith or for anticipatory, forum shopping purposes); *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246 (9th Cir. 1987) (same).  As such, these cases are easily distinguishable and not controlling.

Brooks boldly alleges in a footnote that "there is no exception to the compulsory-counterclaim rule for first-filed actions perceived to be maliciously motivated."  Defendant's Memo. of Law, at 8, n. 4.  But the exception for anticipatory actions is exactly that – and "several cases in this district have dealt with this issue." *Jemella Grp. Ltd v. Living Proof Inc.*, No. CV1305740BROFFMX, 2013 WL 12116392, at *4 (C.D. Cal. Dec. 23, 2013) (in which the court found that the first-filed Massachusetts declaratory judgment action was anticipatory and that "equity militate[d] in favor of allowing the second-filed action to proceed to

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

13

judgment rather than the first"). Brooks does not even attempt to frame the Mississippi Action as non-anticipatory or that it was based on a justiciable controversy; instead, he ignores the fact that the exception exists.

As in *Xoxide*, this Court should consider Brooks' failure to address the equitable exceptions to the first to file rule as "a concession that [he] cannot do so." *Id.* He cannot do so because the record is clear. If Brooks did not make a "good faith showing" by the close of business on September 13, 2024, Mrs. Roe would file the complaint in California. This was the exact situation in *Green Planet Inc. v. Int'l IP Holdings LLC*, No. CV1301565BRODTBX, 2013 WL 12146119, at *4 (C.D. Cal. Nov. 25, 2013) ("specific and concrete" standard is met when a cease-and-desist letter demands compliance within a specific time-period and explicitly threatens litigation or judicial action should its terms not be met"). There, the court dismissed a declaratory judgment action that was "first-filed" because it had been anticipatory. *Id.* at *4. In *Xoxide*, the court held that the statement "[i]n the event that you fail to execute the Agreement and comply with its terms by February 9, 2006, Ford will commence litigation against you" constituted "specific and concrete" indications that a suit was imminent. 448 F. Supp. 2d at 1190.

Similarly, the court in *K-Swiss Inc. v. Puma AG Rudolf Dassler Sport*, No. DC093022GAFPLAX, 2009 WL 2049702, at *3 (C.D. Cal. July 9, 2009), ruled identically to the decision in *Xoxide*. The court determined that the "specific and

14

WIGDOR LLP
85 FIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

concrete" standard was met when "PUMA AG gave K-Swiss until March 20, 2009

to respond or PUMA AG would "be compelled to enforce our rights in our full

discretion by court or otherwise." *K-Swiss Inc.*, 2009 WL 2049702 at *3. In *Green

Planet*, the defendant had provided "a specific and concrete indication that judicial

action was imminent if it chose not to adhere to Defendant's demands," but

"[i]nstead of negotiating or even contacting Defendant, Plaintiff filed this action on

August 29, 2013 – one day before the deadline imposed by Defendant." *Green

Planet*, 2013 WL 12146119 at *4. The court found the fact that the plaintiff did not

even wait until the deadline had passed—much less a reasonable time afterwards—

to file its declaratory judgment action weighed heavily in favor of bad faith. *Id.* The

record here shows that Brooks did not allow September 13, 2024 to come and go.

*See also Therapy Stores, Inc. v. JGV Apparel Grp., LLC*, No. 4:16-cv-02588-YGR

(N.D. Cal. Aug. 26, 2016) (explaining that "bad faith is evident when the plaintiff in

the first action induces the other party to rely, in good faith, on representations made

by the plaintiff that it will not file first in order to preempt the other party from filing

a suit in its preferred forum"). Brooks' counsel disingenuously continued to

communicate with Ms. Baker to induce her to believe Brooks intended to reach a

resolution.

As Mrs. Roe's pending Omnibus Motion argues, a district court in

Mississippi's Northern Division considered a matter involving exactly the same facts

15

WIGDOR LLP
85 FIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

as here.  Specifically, in *Watkins Strategy & Res. Grp., LLC v. WLC, LLC*, 433 F.

Supp. 2d 778 (S.D. Miss. 2006), the plaintiff filed a declaratory judgment action in

Mississippi federal court after receiving a demand letter from the defendant.  *Id.* at

780.  Like Brooks, the plaintiff sought a declaration by the court that it was not liable

to the defendant for the "claims alleged in the demand letter." *Id*.  After being served

with the complaint, the defendant filed its own lawsuit in North Carolina (as Mrs.

Roe did in California) which "essentially alleges the same facts and asserts the same

causes of action cited in the … demand letter." *Id*.  After applying the relevant Fifth

Circuit factors applicable to declaratory judgment actions, the court held that the

"exception to the first-to-file rule" applied because the defendant was the "true

injured party … [and] should have the opportunity to choose the forum in which to

pursue its claims."  *Id.* at 784.  Further, it found that the plaintiff had filed the

declaratory judgment action in anticipation of litigation and to forum-shop to its

preferred court. *Id.* at 783-84.  The court ultimately granted the motion to dismiss,

finding that the North Carolina court was the proper forum – even though the

Mississippi action had been filed first. *Id.* at 785.

## VIII. The Exception Applies Where the California Action Was Filed on <u>October 3, 2024</u>

Brooks makes much of the fact that Mrs. Roe's California Complaint was filed

"almost three weeks after" the Mississippi Action.  Defendant's Memo. of Law, at

2.  Numerous courts have held that several weeks—even two months—is a

16

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

reasonably short period.  For example, in *Green Planet*, the court noted that a two-and-a-half-week delay was a reasonably short period after the deadline for the putative defendant to have filed its own complaint – "especially so when one considers the added burden of having to defend Plaintiff's premature declaratory relief action."  *Green Planet*, 2013 WL 12146119 at *4; *see also Pacific Employers Insurance Co. v. M/V Captain W.D. Cargill*, 751 F.2d 801, 804 (5th Cir. 1985) (two months and one week later held reasonable); *Granite State Ins. Co. v. Tandy Corp.*, 986 F.2d 94, 96 (5th Cir. 1992) (three weeks later considered reasonable).  Similarly, Brooks forced Mrs. Roe to defend the Mississippi Action and attempted to push that litigation along as fast as possible so as to bolster his argument that Mississippi is the most appropriate forum.  Indeed, he continues to do so.  His entire strategy—including this motion to dismiss—has been designed with one goal in mind: to force Mrs. Roe into a forum without an anti-SLAPP law and out of California, a forum he believes will not be as sympathetic to him as Mississippi.  The Court should not allow Brooks to bully his way out of California, and its anti-SLAPP statute.[9]

The equitable exception to the first-to-file rule is meant to prevent bad faith and anticipatory suits filed for the purpose of forum shopping.  *Guthy-Renker*

---

[9]    Presently, Brooks is attempting to schedule a Rule 26(f) conference in the Mississippi Action for the purpose of causing this Court to believe that discovery is underway and divert attention from the fact that the court in the Mississippi Action has Mrs. Roe's pending motion to dismiss, for judgment on the pleadings or alternatively, to transfer the case to this Court.  Christensen Decl. ¶¶ 16-17.

17

WIGDOR LLP
85 FIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

*Fitness, LLC*, 179 F.R.D. at 271 ("by recognizing this exception to the first-to-file rule, courts seek to eliminate the race to the courthouse door in an attempt to preempt a later suit in another forum").  The record here unquestionably shows that Brooks' Mississippi Action is exactly one such suit. Moreover, if Brooks' strategy was permitted, every defendant presented with a demand letter or a draft complaint would follow his lead, especially those accused of committing sexual assault.  They would ostensibly begin to negotiate before surprising the plaintiff with a declaratory judgment action in the forum of their choice.  This would cut deeply against the longstanding principle that the injured party—not the party filing a preemptive declaratory judgment action—should choose the forum.  *See Green Planet*, 2013 WL 12146119 at *2 ("the natural plaintiff should not be deprived of its traditional choice of forum because a defendant with notice of an impending suit first files a declaratory relief action over the same issue in another forum") (internal quotations omitted).

## IX.    <u>Evidence of Brooks' Bad Faith is Overwhelming</u>

Here there is no question that exception to the first to file rule is proper.   As set forth in the declaration submitted by Ms. Baker, at all times, Brooks and his counsel engaged in conduct meant to induce Mrs. Roe to believe Brooks intended to continue to negotiate potential resolution.  Regardless of when Brooks and his counsel began scheming their bad faith ploy and deciding where to file, there is no

18

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

question that as of September 9, 2024, they continued to act as if resolution was possible by Mr. Ramsey's email to Ms. Baker on that date stating they wanted to see "more" medical records and additional evidence to support Ms. Roe's claims.  Ex. 4, Baker Decl. ¶ 29.  Although Mrs. Roe's counsel made multiple attempts to reach Brooks' counsel after September 9, (*id.* at ¶¶ 34-35), these efforts were ignored (*id.*, ¶¶ 33-34), and at about 4:00 p.m. on September 13, 2024, Brooks' counsel told Ms. Baker that Brooks had filed the Mississippi Action earlier that day.  *Id.* at ¶ 35. Brooks did not wait for the date to pass, and filed the morning of September 13, 2024.

Because Mrs. Roe had moved to Mississippi in 2021, and Brooks resided in Tennessee, using diversity and 28 U.S.C. § 2201, Brooks selected the federal court in Jackson to commence his Mississippi Action.  Brooks knew that Mrs. Roe's causes of action were timely because she was relying on to California's Sexual Abuse and Cover-Up Accountability Act, AB 2777, a law unique to California governing the relevant statute of limitations for the alleged sexual violence, and further, that her causes of action were not based on any Mississippi law, but rather included claims pursuant to Cal. Civ. Code § 1708.5, the Bane Act, Cal. Civ. Code § 52.1, and the Ralph Act, Cal. Civ. Code § 51.7.  While federal district courts regularly apply laws from other jurisdictions, Brooks furthered his collusive efforts by failing to identify specifically a single cause of action under Mississippi law in

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

his complaint.  This is obvious on the face of all of his complaints in the Mississippi Action. Exs. 1, 3.

Having had the Draft California Complaint for sufficient time, Brooks and his counsel knew that Ca. Code Civ. Proc. § 425.16 provides Mrs. Roe ample recourse by which to defend herself against the compulsory counter-claims Brooks desperately wished to assert, such as defamation and IIED.  Despite knowing she would file in California, Brooks subverted her right to file in California and under California's laws—including to avail herself of an anti-SLAPP provision—and in bad faith he filed the Mississippi Action.  Brooks likely also considered filing in Tennessee, his home state, where he enjoys hundreds of thousands of music fans, but like California, Tennessee has a statutory anti-SLAPP provision that would also be available to Mrs. Roe.  *See* Tenn. Code Ann. § 20-17-102.  Accordingly, he opted not to file there either, even though Mrs. Roe performed work for Brooks while she was a resident of Tennessee, not Mississippi.

Evidence of Brooks' vindictiveness and bad faith motivations is evidenced further by his intentional outing of Mrs. Roe's identity immediately after she filed the California Action.  She filed in state court in California on October 3, 2024.  On October 8, 2024, Brooks filed an amended complaint in the Mississippi Action whereby he removed "Jane Roe" as the defendant and inserted her true identity. Christensen Decl. ¶ 8.  Brooks did this with no warning to Mrs. Doe or her counsel

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

20

and while his own motion to proceed anonymously was pending before the court in the Mississippi Action.  This caused Mrs. Roe to file an immediate emergency motion in the Mississippi Action with expedited briefing and in-person appearances.  Although the court has placed the action under seal, thereby preventing public access to Mrs. Roe's identity, the retaliatory nature of Brooks' filing the amended complaint is obvious.  This conduct is more evidence of bad faith.

However, further evidence of the sham nature of the Mississippi Action and why it cannot be considered "first-filed" was Brooks' inexplicable omission of 28 U.S.C. § 2201 in the now operative complaint.  Brooks knew he had no basis to filed the Mississippi Action, but he did it anyway.  Once the California Action had been filed, Brooks amended his complaint and simply dropped the grounds for a justiciable controversy under 28 USC § 2201 as if the court would not notice.  Christensen Decl. ¶ 9.

In sum, far more than attempting to gain a tactical advantage was involved in the Mississippi Action.  Brooks wants to deny a sexual assault victim the right to utilize an anti-SLAPP law that was enacted by the citizens of California for use by individuals asserting claims that took place in California.  At all times, the conduct exhibited by Brooks was abhorrent and should not be ratified by allowing him to rely upon the general rule of first-filed.

WIGDOR LLP
85 FIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

21

Currently, Mrs. Roe's Omnibus Motion to dismiss, for judgment on the pleadings or to transfer the case to this Court is pending. The Omnibus Motion will be fully briefed on December 13, 2024. Christensen Decl. ¶ 15. Accordingly, Mrs. Roe asks that the Court deny Brooks' motion to dismiss and allow this action to proceed in the normal course. There is no basis to stay, as Brooks has requested, given that the Omnibus Motion will be fully briefed by December 13, 2024.

Lastly, Mrs. Doe's Complaint herein provides more than enough factual detail to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). It alleges that Brooks violently raped Mrs. Roe and repeatedly sexually harassed her over a number of years while she worked for him. *See generally* Compl. The complaint is unquestionably "plausible on its face."[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). Although Brooks mentions dismissal under Rule 12(b)(6) he devotes not a single sentence in his memorandum of law as to why Mrs. Roe's causes of action fail to state a claim and for this reason Mrs. Roe considers his motion to rest solely on grounds pursuant to Rule 13.

---

[10]    Brooks does not make any substantial argument otherwise, instead focusing his brief on Fed. R. Civ. P. 13(a). Should the Court need additional briefing on Rule 12(b)(6) itself, Mrs. Roe respectfully requests leave to supplement her opposition on this basis only.

22

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

## **CONCLUSION**

For the foregoing reasons, Mrs. Roe respectfully requests that the Court deny Brooks' motion to dismiss in its entirety.  She further requests that the Court also deny Brooks' request to stay this action in the alternative.

Dated: November 22, 2024

Respectfully submitted,

By: _____

**HB ADVOCATES PLLC**
Hayley Baker (To be admitted *pro hac vice*)
1831 12th Ave. S. #325
Nashville, TN 37215
hbaker@hb-advocates.com

**WIGDOR LLP**
Douglas H. Wigdor (Admitted *pro hac vice*)
Jeanne M. Christensen (Admitted *pro hac vice*)
85 Fifth Avenue, Fifth Floor
New York, NY 10003
Telephone: (212) 257-6800
dwigdor@wigdorlaw.com
jchristensen@wigdorlaw.com

**GIRARD BENGALI, APC**
Omar H. Bengali
355 S Grand Avenue, Suite 2450
Los Angeles, California 90071
Telephone: (323) 302-8300
obengali@girardbengali.com

*Attorneys for Plaintiff Jane Roe*

23

1

## <u>CERTIFICATE OF COMPLIANCE</u>

2      The undersigned, counsel of record for Plaintiff Jane Roe, certifies that this

3   brief contains 5, 739 words, in compliance with Local Rule 11-6.1

4

5   Dated: November 22, 2024

6                                    Respectfully submitted,

7

8                                    By: _____

9

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

24