DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
MEGAN K. SMITH (S.B. #307381)
megansmith@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067-6035
Telephone: +1 310 246 8574
Facsimile: +1 310 246 6779

ERIC J. AMDURSKY (S.B. #180288)
eamdursky@omm.com
2765 Sand Hill Road
Menlo Park, California 94025-7019
Telephone: +1 650 473 2644
Facsimile: +1 650 473 2601

O'MELVENY & MYERS LLP
*Attorneys for Defendant Garth Brooks*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GARTH BROOKS,<br><br>　　　　　Defendant. | Case No. 2:24-cv-09462-MWF-AJR<br><br>**REPLY IN SUPPORT OF DEFENDANT GARTH BROOKS' MOTION TO DISMISS**<br><br>District Court Judge: Michael W. Fitzgerald<br>Magistrate Judge: A. Joel Richlin<br><br>Hearing Date: December 16, 2024<br>Hearing Time: 10:00 a.m.<br><br>Complaint Filed: October 3, 2024<br>Removal Date: November 1, 2024 |

I. **INTRODUCTION**

Defendant, a citizen of Tennessee, sued Jane Roe on September 13, 2024, in federal court in Jackson, Mississippi, where she resides (the "Mississippi Action"). His complaint alleged tort claims under Mississippi law and asked the Mississippi court to award him damages and declaratory relief to put a stop to Roe's tortious attacks on him and his family, which had persisted for months. Among her tactics, Roe defamed Defendant by publishing false accusations of sexual assault she claimed occurred many years ago, and she threatened to more widely disseminate her false statements if Defendant did not pay her many millions of dollars. If Defendant had not filed the Mississippi Action, Roe might have continued her extortionate scheme for years—causing untold distress and damage to his person, family, and reputation.

*This* lawsuit arises from the Defendant's claims in Mississippi, but it is *not* the Mississippi Action. Roe filed *this* lawsuit against Defendant nearly three weeks *after* the Mississippi Action commenced. Roe's lawsuit accuses Defendant of sexual assault and battery—the same defamatory accusations that motivated Defendant to bring the Mississippi Action—and demands damages.

Defendant's Motion to Dismiss this California lawsuit does not ask this Court to determine the viability or the merits of the Mississippi Action. Nor does Defendant ask the Court to adjudicate whether the Mississippi Action was "first-filed," such that he may proceed as a plaintiff in the Mississippi court where Roe resides. This is not even an instance where Defendant is asking the Court to exercise its discretion to transfer Roe's case to Mississippi for convenience or any other reason.

Instead, Defendant's Motion simply asks the Court to enforce the mandate set by Federal Rule of Civil Procedure 13(a). Rule 13 is straightforward, requiring Roe, as a claimant, to assert in the Mississippi Action any claim that "arises out of the transaction or occurrence that is the subject matter of the opposing party's

1  claim." Fed. R. Civ. P. 13(a).  And Rule 12(b)(6) permits a party to move to
2  dismiss an action that fails to state a claim upon which relief may be granted,
3  including because the claims asserted are compulsory counterclaims that must be
4  litigated in another forum.

5      Roe's Opposition admits unequivocally that her claims in this California case
6  are substantially related to the Mississippi Action and therefore satisfy Rule 13.
7  *See* Opp. at 8.  This concession—that the claims asserted in both actions are so
8  logically intertwined that they must be compulsory counterclaims to each other—is
9  dispositive because it is the only inquiry that the Court must answer in order to
10 grant the Motion.

11     Roe wastes nearly twenty pages of her Opposition on diversionary straw
12 men: whether Defendant's Mississippi lawsuit was a preemptive action that can
13 properly take priority for purposes of forum; whether Defendant's Mississippi
14 claims have merit and are improperly motivated; and whether convenience entitles
15 Roe to litigate her claims in California rather than in the federal court in Jackson,
16 Mississippi, where she resides.  She even goes so far as to submit improper
17 evidence, which this Court should strike and disregard, including because it is not
18 incorporated by reference into the Complaint and bears no relation to this Motion.[1]

19     None of Roe's straw men is before *this* Court on *this* Motion.  But those
20 precise issues are currently being litigated in the Mississippi Action.  Roe chose to
21 present those arguments to the Mississippi court: weeks before opposing
22 Defendant's Motion to Dismiss here and advancing these arguments, she
23 affirmatively asked the Mississippi court to dismiss the Mississippi Action on the
24 same grounds.

---

[1] California courts consistently decline to consider declarations and exhibits submitted in support of or opposition to a motion to dismiss if they constitute evidence not referenced in the complaint or not a proper subject of judicial notice. *See, e.g.*, *Gerritsen v. Warner Bros. Entertainment Inc.*, 112 F.Supp.3d 1011, 1021 (C.D. Cal. 2015).

This means that Roe's November 22 Opposition asks this Court to consider concurrently and make findings about the same issues she already presented to a Mississippi federal court—a request that almost certainly will lead to inconsistent adjudication, a waste of judicial and party resources, and a thorny appellate process. Her attempt to force Defendant to litigate precisely the same legal questions concurrently in two different federal courts thousands of miles apart illustrates perfectly why Rule 13 mandates that parties must litigate compulsory counterclaims in a single forum. But even if the Court were to consider Roe's misplaced authorities and argument about the first-filed doctrine, inconvenient forum, and the merits of Defendant's Mississippi claims, Defendant respectfully submits that the result should be the same: this Court should dismiss Roe's California claims with leave to refile them in the Mississippi Action.[2]

## II. THE MOTION MUST BE GRANTED BECAUSE IT IS UNDISPUTED THAT ROE'S CLAIMS ARE COMPULSORY COUNTERCLAIMS TO DEFENDANT'S MISSISSIPPI CLAIMS.

Rule 13 requires that a responding party must raise "as a counterclaim any claim that . . . 'arises out of the transaction or occurrence that is the subject matter of the opposing party's claim[.]'" Fed. R. Civ. P. 13(a)(1). The reason for this rule "is to enable the court to settle all related claims in one action, thereby avoiding a wasteful multiplicity of litigation on claims arising from a single transaction or occurrence." 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1409 (3d ed. 2024). Claims arise from the same transaction or occurrence when they have a "logical relationship." *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195–96 (9th Cir. 2005).

---

[2] Defendant filed his Motion on November 8, 2024, and noticed the Motion for hearing on December 9, 2024. Roe failed to timely oppose the Motion, and she filed her opposition brief on November 22, 2024, four days *after* the deadline set by this Court's Local Rules. In addition to the substantive bases for granting Defendant's Motion, the Court also should consider the Motion unopposed and grant the Motion because Roe failed to file a timely opposition. *See*. L.R. 7-19.

Roe openly concedes in her Opposition that the claims in this action and the Mississippi Action bear a logical relationship to each other. *See* Opp. at 8 ("There can be no greater example of compulsory counter-claims than [Defendant's Mississippi tort claims] against [Roe]"); Defendant's Memorandum of Law in Support of Her Revised Omnibus Motion to Dismiss the Complaint or for Judgment on the Pleadings or in the Alternative to Transfer the Action Pursuant to 28 U.S.C. § 1404(A), *Doe v. Roe*, No. 3:24-cv-547-HTW-LGI (S.D. Miss.) (the "Mississippi Lawsuit"), ECF No. 36 at 4. In other words, Roe admits that the California claims and Mississippi claims are compulsory counterclaims to each other, which must be brought in the same action. No further analysis is necessary to grant Defendant's Motion. *See Olen Properties Corp. v. Wakefield*, 2022 WL 19333335, at *2 (C.D. Cal. July 6, 2022) (dismissing complaint because claims were compulsory counterclaims in another proceeding).

Roe seeks to avoid the result of her concession by arguing that *Defendant's* Mississippi claims are the compulsory counterclaims to *her* California claims because she is the "putative plaintiff." Mississippi Lawsuit at 7-8, 9, 10. This is backward and, more importantly, inconsequential for purposes of Rule 13(a). *See Grumman Sys. Support Corp. v. Data Gen. Corp.*, 125 F.R.D. 160, 163 (N.D. Cal. 1988) (explaining that court should not weigh the similarity or dissimilarity of legal issues in conducting Rule 13(a) analysis, because "the factual underpinnings of the complaint are more properly the focus of [the] Rule 13(a) analysis" under Ninth Circuit law). There is no question that the Mississippi Action and this California lawsuit arise from the same factual matter and are logically related. Indeed, the parties agree that, to win his Mississippi Action, Defendant must disprove certain allegations that underlie Roe's California claims. She must, likewise, prove that her allegations are true both to defend against Defendant's Mississippi claims and succeed in Mississippi on the relief she seeks here. This factual overlap is more than enough to trigger Rule 13(a) and compel the Court to grant Defendant's

Motion. *Id.* at 163-64 ("The . . . prevailing view is that an action is either sufficiently related to another action to meet the compulsory counterclaim test or it is not.").

Roe appears to ask the Court to conflate its analysis of Rule 13(a)—the sole issue presented by the Motion—with the first-to-file rule.[3]  But those are distinct legal doctrines, and the Motion before this Court does not require it to consider the first-to-file rule.  Unlike the discretionary first-to-file rule, Rule 13(a) is a mandatory doctrine that requires compulsory counterclaims to be heard in the same action, or not at all.  There are no equitable exceptions to Rule 13, and that rule unquestionably requires Roe to litigate her claims against Defendant in federal court in Mississippi, where she resides.[4]

## III. ALTHOUGH NO MORE IS NEEDED, PLAINTIFF CANNOT AVOID DISMISSAL OF HER CLAIMS BY INVOKING EXCEPTIONS TO THE FIRST-FILED DOCTRINE IN THIS COURT.

That Roe's California claims are compulsory counterclaims to Defendant's Mississippi claims is enough to require dismissal of Roe's Complaint.  But even if the Court were to consider Roe's additional arguments and authorities, Defendant respectfully submits that the Court should still grant his Motion.

The bulk of Roe's Opposition focuses on the discretionary first-to-file rule and argues that this Court should apply an exception to that rule and allow Roe to maintain her case in California because Roe alleges that her lawyers engaged in

---

[3] The first-to-file rule is a "generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982).  Under the rule, "a district court may transfer, stay, or dismiss an action when a similar action has been filed in another district court." *McKinnon v. Peloton Interactive, Inc.*, 2023 WL 2628614, at *6 (C.D. Cal. Feb. 8, 2023).  The rule is intended to protect the judiciary from litigants who, dissatisfied with a plaintiff's choice of forum, decide to file elsewhere in hopes of finding a more favorable venue.

[4] Roe also appears confused about Defendant's citation to Rule 12(b)(6). *See, e.g.*, Opp. at 22.  California courts commonly dismiss claims for failure to state a claim under Rule 12(b)(6) where, as here, the claims asserted in the action are compulsory counterclaims as defined by Rule 13(a).  Mot. at 3-4 (citing authorities).

settlement talks with Defendant in the weeks before he filed the Mississippi Action, which she claims renders the Mississippi Action "preemptive" and "bad faith."

The first-filed rule is not at issue in Defendant's Motion. The Motion does not invoke the first-filed rule or ask the Court to exercise its discretion under that doctrine. The Motion turns only on Rules 13(a) and 12, which mandate that parties may assert compulsory counterclaims only in the same proceeding.

Roe and Defendant are, in fact, actively litigating the application of the first-filed rule in Mississippi, where Roe filed a motion seeking dismissal on the basis of the first-filed rule on November 4, 2024, weeks before she raised the same arguments in her Opposition to Defendant's Motion here.[5] Roe chose to present that issue to the Mississippi court—not this Court—and filed a motion raising the issue even though she already knew Defendant intended to file a motion to dismiss in this Court on Rule 13 grounds.

Even if Roe had not elected to ask the Mississippi court to adjudicate the first-filed rule in the context of these concurrent proceedings, adjudication of that issue in Mississippi is proper. As a general rule under Fifth Circuit law, which governs the Mississippi Action, it is the first-filed court (in Mississippi), not the second-filed court (this Court), that should determine whether an exception to the first-filed rule applies. *See, e.g.*, *Mann Mfg., Inc. v. Hortex, Inc.,* 439 F.2d 403, 408 (5th Cir. 1971) ("Once the likelihood of substantial overlap between the two suits ha[s] been demonstrated, it [i]s no longer up to the [later-filed court] to resolve the question of whether both should be allowed to proceed."); *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) ("The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar

---

[5] Roe moved to dismiss Defendant's Mississippi complaint on several grounds, including because it was purportedly preemptive under first-filed rule precedent. *See* Mississippi Lawsuit, ECF 36. Roe's motion to dismiss will not be fully briefed until December 13, 2024, and is not yet set for hearing.

issues should proceed."). That is what should occur here: this Court should defer to the Mississippi court, to which Roe directed her first-filed motion, to adjudicate how Defendant's Mississippi claims should proceed.

California authorities analyzing application of the first-filed rule support deference to the Mississippi court in this case. The Mississippi court already is assessing in connection with Roe's motion to dismiss there whether [i] the Mississippi Action was commenced as a preemptive declaratory relief lawsuit and, therefore, the Mississippi court should abstain from adjudicating it; [ii] the Mississippi Action should be transferred to California under the first-filed rule; [iii] the Mississippi court should transfer the Mississippi Action to California under 28 U.S.C. § 1404; and [iv] the Mississippi Action fails to state a claim upon which relief should be granted and should be dismissed under Rule 12(b)(6) or Rule 12(c). Not one of those issues is before this Court, and this Court should decline Roe's invitation to duplicate the Mississippi court's efforts.

*Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94 (9th Cir. 1982), a Ninth Circuit case that affirmed a trial court's dismissal of a litigation on the basis of the first-filed rule (not Rule 13), offers guidance. In *Pacesetter*, a defendant asked a California district court to dismiss an intellectual property action on the basis that the claims should be adjudicated in a Florida district court, where the defendant had filed an action three days before the California action commenced. The California district court, acting as a second-filed court, applied the first-filed rule and exercised its discretion to dismiss the case. The California plaintiff appealed, and the Ninth Circuit affirmed the dismissal. The appellate court explained that the district court had not abused its discretion because both actions involved the same issues and parties, and the "goal of judicial efficiency" would not have been served by parallel proceedings. *Id.* at 95-96; *see also Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) (granting stay by second-filed district court because, among other reasons, equitable considerations

raised by first-to-file doctrine would be better addressed by first-filed court); *Thomas & Betts Corp. v. Robroy Indus., Inc.*, 2015 WL 4718892, at *4–*6 (C.D. Cal. Aug. 6, 2015) (granting motion to stay second-filed claims and deferring to first-filed action on dispute about convenience); *McKinnon v. Peloton Interactive, Inc.*, 2023 WL 2628614, at *9 (C.D. Cal. Feb. 8, 2023) (granting motion to stay second-filed action to avoid "unnecessary litigation" in dueling venues).[6]

    Roe's remaining arguments and authorities are factually inapposite, legally inapposite, or both. For example, Roe argues that this California lawsuit should be considered the "true" first-filed action and should be given precedence over the Mississippi Action because the Mississippi Action was an "anticipatory suit" under the Declaratory Judgment Act. Opp. at 12. But the Mississippi Action never has been merely a declaratory relief action. The operative complaint does not include a claim for declaratory relief. And although previous versions of the complaint did include such a claim, the initial complaint also included claims for damages, which Defendant maintains today and the Mississippi court has acknowledged as a central part of the Mississippi Action. *See* Mississippi Lawsuit, ECF No. 1 at 5; *id.*, ECF No. 21 at 1.

    Roe's contention that Defendant was forced to include a Declaratory Judgment Act claim in his complaint to pursue a lawsuit in Mississippi federal

---

[6] The cases collected and cited by Roe in her Opposition are inapplicable here because nearly all authorities she cites involve a *first-filed* court deciding whether to grant a motion to dismiss on the basis of the first-filed rule. *See, e.g.*, *Xoxide, Inc. v. Ford Motor Co.*, 448 F. Supp. 2d 1188, 1189–93 (C.D. Cal. 2006) (first-filed court adjudicating whether first-filed declaratory action was anticipatory); *see also Green Planet Inc. v. Int'l IP Holdings LLC*, 2013 WL 12146119, at *4 (C.D. Cal. Nov. 25, 2013) (same); *K-Swiss Inc. v. Puma AG Rudolf Dassler Sport*, 2009 WL 2049702, at *3 (C.D. Cal. July 9, 2009) (same); *Guthy-Renker Fitness, LLC v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 268–71 (C.D. Cal. 1998) (same); W*atkins Strategy & Res. Grp., LLC v. WLC, LLC*, 433 F. Supp. 2d 778, 782–84 (S.D. Miss. 2006) (same). Roe also misstates the holding in *Guthy-Renker Fitness*. She claims the court held an exception to the first-filed rule applied, but the court in fact reached the opposite conclusion. *See* 179 F.R.D. at 274 (holding that first-to-file party did not engage in forum shopping or anticipatory litigation and thus no exceptions applied to relieve parties from the first-filed rule).

court is also incorrect. Defendant is a citizen of Tennessee, and Roe is a citizen of Mississippi. Compl. ¶¶ 34-35. And Defendant's complaint in Mississippi always pleaded that the Mississippi court possessed subject matter jurisdiction on diversity grounds, not federal question. *See* Mississippi Lawsuit, ECF No. 1 at 2 (alleging complete diversity of citizenship and a requisite amount in controversy); *id*., ECF No. 21 at 1, n.1 (Mississippi court order recognizing that the court appears to have subject matter jurisdiction under 28 U.S.C. § 1332).

Nor is there a shred of evidence to support Roe's ad hominem attacks on Defendant and his attorneys and her other suggestions of malicious intent. Roe suggests, for instance, that her attorney's repeated demands to Defendant's attorneys for money constitute settlement negotiations, and the fact that Defendant filed a lawsuit against her in Mississippi rather than pay the demanded amount is evidence of Defendant's attempting to forum shop. Opp. at 22-26. This is a fantasy. Defendant filed his lawsuit to put an end to Roe's unrelenting tortious acts. Had he not done so, she might have continued to perpetrate her scheme against him for years to come.

And although Roe cites two cases in which second-filed courts considered whether equitable exceptions warranted departure from the first-filed rule, neither authority supports her argument that *this* second-filed Court should depart from the general rule of deference to the first-filed court about application of the first-filed rule. Both district court cases cited by Roe involved motions to dismiss by defendants that were expressly premised on the first-to-file rule. That is not the case with Defendant's Motion, which relies solely on Rule 13 and Rule 12—not the first-filed rule. *See* Opp. at 8, 13 (citing *Jemella Grp. Ltd v. Living Proof Inc.*, 2013 WL 12116392, (C.D. Cal. Dec. 23, 2013) and *Gordon v. Digital Basement LLC*, 2015 WL 13915248 (C.D. Cal. Apr. 1, 2015), both of which involved motions to dismiss premised on the first-filed rule and not Rule 13).

Defendant had every right to seek court relief to put an end to Roe's

harassment and attempts at extortion. While he could have filed in Tennessee, the forum most convenient for him, he instead chose a forum most convenient for Roe—her home district. *See* Mississippi Lawsuit, ECF No. 1 at ¶ 6. He then proceeded to ask the court there to permit both parties to litigate under pseudonyms to avoid any harm to their reputations.[7] Nothing in those circumstances or the record suggests bad faith, despite Roe's accusations otherwise.[8]

## IV. CONCLUSION

There is no question that Roe's California claims substantially overlap with Defendant's Mississippi claims and, for that reason, she must litigate those claims as compulsory counterclaims in the Mississippi Action. Defendant respectfully requests that the Court grant his Motion and order Roe's complaint dismissed with leave to refile in Mississippi. In the alternative, Defendant requests that the Court stay this action pending final disposition of the Mississippi Action.

---

[7] Roe argues that Defendant's amendment of the complaint in the Mississippi Action to include both parties' names is evidence of his bad faith. But Roe's argument ignores that, before Defendant amended his lawsuit to identify the parties by name, Roe opposed entirely Defendant's motion to permit the parties to proceed under pseudonyms, and proceeded to identify herself publicly in multiple filings and a public court hearing at which press was present. *See* Plaintiff's Supplemental Memorandum in Opposition to Defendant's Motion for "Emergency" Sealing or Redactions and for Sanctions, Mississippi Lawsuit, ECF No. 23 at 1, 4.

[8] Defendant does not respond to each and every argument raised by Roe in connection with her Mississippi motion to dismiss here, but intends to fully address those arguments in his forthcoming opposition to that motion, which is due on December 6, 2024. To the extent this Court would appreciate further briefing on these issues, Defendant respectfully requests that the Court permit him leave to supplement his briefing in advance of the hearing.

| | | |
|---|---|---|
| 1 | Dated: December 2, 2024 | O'MELVENY & MYERS LLP |
| 2 | | |
| 3 | | By: */s/ Daniel M. Petrocelli* |
| 4 | | Daniel M. Petrocelli |
| 5 | | *Attorneys for Defendant* |

## CERTIFICATE OF COMPLIANCE (LOCAL RULE 11-6.2)

The undersigned, counsel of record for Defendant Garth Brooks, certifies that this brief contains 4,261 words, which complies with the word limit of Local Rule 11-6.1.

Dated:  December 2, 2024                By:  */s/ Daniel M. Petrocelli*
                                             Daniel M. Petrocelli