STAY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 24-09462-MWF (AJRx) | **Date:** December 11, 2024 |
| **Title:** | Jane Roe v. Garth Brooks | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:  
Rita Sanchez

Court Reporter:  
Not Reported

Attorneys Present for Plaintiffs:  
None Present

Attorneys Present for Defendants:  
None Present

**Proceedings (In Chambers):** ORDER DENYING WIHTOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS [12]; ORDER DENYING AS MOOT PLAINTIFF'S APPLICATION FOR LEAVE TO SUBMIT DOCUMENTS FOR *IN CAMERA* REVIEW [26]

Before the Court is a Motion to Dismiss (the "Motion"), filed by Defendant Garth Brooks on November 8, 2024. (Docket No. 12). Plaintiff Jane Roe filed an Opposition on November 22, 2024. (Docket No. 19). Defendant filed a Reply on December 2, 2024. (Docket No. 25).

The Motion was noticed to be heard on **December 16, 2024**. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar.

The Court rules as follows:

- The Motion is **DENIED** *without prejudice*. The action is **STAYED** pending the outcome of the pending motions in *Doe v. Roe*, No. 3:24-cv-547-HTW-LGI (S.D. Miss.).

- Plaintiff's Application for Leave to Submit Documents for *In Camera* Review (Docket No. 26) is **DENIED** *as moot* because the Court does not deem it necessary to review the documents prior to issuing its ruling.

STAY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-09462-MWF (AJRx)                    Date:  December 11, 2024
Title:    Jane Roe v. Garth Brooks

## I.   BACKGROUND

On October 3, 2024, Plaintiff filed a complaint against Defendant in the Superior Court of the State of California for the County of Los Angeles.  (Docket No. 1-1 ("Complaint")).  On November 1, 2024, Defendant removed this action to the federal district court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.  (Notice of Removal (Docket No. 1) ("NOR") at 2).

The Court summarizes the allegations in the Complaint in the light most favorable to Plaintiff as follows:

In 1999, Plaintiff, a make-up artist and hair stylist, began working for Defendant's wife.  (*Id.* ¶ 1).  In 2017, Plaintiff began doing hair and make-up for Defendant, as well.  (*Id.*).  Plaintiff alleges that, beginning in 2019, Defendant subjected her to various acts of sexual misconduct, including rape.  (*Id.* ¶¶ 3–24).  As a result of her experience, Plaintiff was unable to continue working for Defendant and sought legal counsel.  (*Id.* ¶ 25).

Plaintiff alleges the six following causes of action against Defendant: (1) assault; (2) battery; (3) sexual battery, Cal. Civ. Code § 1708.5; (4) violation of the Tom Bane Act, Cal. Civ. Code § 52.1; (5) violation of the Ralph Civil Rights Act of 1976, Cal. Civ. Code § 51.7; and (6) Gender Violence, Civ. Code § 52.4(c)(2).  (Complaint ¶¶ 114–150).

On July 17, 2024, prior to filing her lawsuit, Plaintiff sent a pre-litigation letter to Defendant in an attempt to discuss a resolution of her claims.  (Opposition at 5).  Throughout the month of August, Plaintiff's counsel and Defendant's counsel engaged in discussions regarding Plaintiff's claims.  (*Id.*).  During these discussions, Plaintiff's counsel communicated that, if a resolution was not reached by September 13, 2024, Plaintiff would file a complaint against Defendant in California.  (*Id.*).  The discussions continued until September 9, 2024.  (*Id.* at 5–6).

On September 13, 2024, however, Defendant filed a lawsuit (the "Mississippi Action") against Plaintiff in the United States District Court for the Southern District

**CIVIL MINUTES—GENERAL**                                             2

STAY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 24-09462-MWF (AJRx) | Date:  December 11, 2024 |
| Title:     Jane Roe v. Garth Brooks | |

of Mississippi.  (Motion at 7).  The Mississippi Action asserts various tort claims under Mississippi law, including defamation, intentional infliction of emotional distress, and false light invasion of privacy.  (*Id.*).  Plaintiff alleges that Defendant filed the Mississippi Action as a forum-shopping maneuver to deny Plaintiff access to her preferred forum and to an anti-SLAPP statute.  (*Id.* at 6).

Defendant now moves to dismiss the action entirely under Federal Rules of Civil Procedure 12(b)(6) and 13(a).  (Motion at 6).

## II.    APPLICATION FOR LEAVE TO SUBMIT DOCUMENTS FOR *IN CAMERA* REVIEW

On December 10, 2024, Plaintiff filed an Application for Leave to Submit Documents for *In Camera* Review.  (Docket No. 26).  Plaintiff seeks leave to submit copies of certain pleadings filed in the Mississippi Action, which Plaintiff references in her Opposition.  (*Id.* at 2).  The docket for the Mississippi Action is currently under seal. (*Id.*).

For reasons discussed below, the Court does not deem it necessary to review the pleadings in the Mississippi Action at this time.

Accordingly, the Application is **DENIED** *as moot*.

## III.   DISCUSSION

Defendant argues that Plaintiff's claims should be dismissed because they constitute compulsory counterclaims in the Mississippi Action.  (Motion at 6).  A counterclaim is considered compulsory where, at the time of responsive pleading, the pleading party has a claim against the opposing party arising out of the transaction or occurrence that is the subject matter of the opposing party's claim, and the claim does not require adding another party over whom the court lacks jurisdiction. Fed. R. Civ. P. 13(a)(1).  Where the original action is still pending, district courts will generally either stay the later-filed proceedings or dismiss the claim with leave to plead it in the original action.  6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1418 (3d ed. 2024).

STAY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 24-09462-MWF (AJRx) | **Date:** December 11, 2024 |
| **Title:** Jane Roe v. Garth Brooks | |

The parties do not dispute that Plaintiff's claims arise out of the same transaction or occurrence as that in the Mississippi Action. Plaintiff, however, contends that she is "the putative plaintiff" and the Compliant before this Court "is the true first-filed compliant." (Opposition at 10). Due to Defendant's alleged forum-shopping tactics, Plaintiff argues the Court should deny the Motion on equitable grounds and allow her claims to proceed in normal course before this Court. (*Id.* at 11). Plaintiff raises similar arguments in her Revised Omnibus Motion to Dismiss, filed in the Mississippi Acton on November 4, 2024. (*See* Opposition at 9, 19–20).

The Court determines the most appropriate course of action is to allow the Mississippi court to adjudicate Plaintiff's equitable arguments in the first instance. *See Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96 (9th Cir. 1982) (noting the "court in the second-filed action is not required to duplicate" an inquiry before the first-filed court). Notably, under Fifth Circuit law, the first-filed court should determine whether an exception to the first-to-file rule applies. *See Mann Mfg., Inc. v. Hortex, Inc.,* 439 F.2d 403, 408 (5th Cir.1971) ("Once the likelihood of substantial overlap between the two suits ha[s] been demonstrated, it [i]s no longer up to the [later-filed court] to resolve the question of whether both should be allowed to proceed."); *see also Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) ("The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed."). This Court thus defers to the Mississippi court, the first-filed court.

Because the Mississippi Court has not yet ruled on Plaintiff's Revised Omnibus Motion to Dismiss, dismissal of this action is inappropriate at this time. S*ee Thomas & Betts Corp. v. Robroy Indus., Inc.*, CV 15-04150-BRO (GJSx), 2015 WL 4718892, at *6 (C.D. Cal. Aug. 6, 2015) (staying a later-filed case where the first-filed "court ha[d] not yet ruled on Plaintiff's motion to transfer"); *see also Alltrade Inc. v. Uniweld Prods. Inc.*, 946 F.2d 622, 629 (9th Cir.1991) (where there was a "likelihood of dismissal" in the first-filed action, "second-filed suit should be stayed, rather than dismissed"); *British Telecomms, plc v. McDonnell Douglas Corp.,* No. CV 93–00677 MHP, 1993 WL 149860, at *5 (N.D.Cal. May 3, 1993) (declining to dismiss case and

STAY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-09462-MWF (AJRx)          **Date:** December 11, 2024

**Title:**     Jane Roe v. Garth Brooks

staying the proceedings where jurisdictional and joinder issues remained unresolved in the first-filed court).

## IV. CONCLUSION

Accordingly, the Motion is **DENIED** *without prejudice*. The action is **STAYED** pending the outcome of the pending motions in *Doe v. Roe*, No. 3:24-cv-547-HTW-LGI (S.D. Miss.). Defendant in this action is **ORDERED** to inform this Court of any rulings in the Mississippi Action within ten court days.

Additionally, Plaintiff's Application for Leave to Submit Documents for *In Camera* Review (Docket No. 26) is **DENIED** *as moot* because the Court does not deem it necessary to review the documents prior to issuing its ruling.

IT IS SO ORDERED.